# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Terry L. Telin,

        Plaintiff,

v.

Michael J. Astrue,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 11-3129 ADM/AJB

___

Ethel Schaen, Esq., Schaen Law Office, Minneapolis, MN, and Jessica L. Fleming, Esq., Friedman and Downey PC, Birmingham, AL, on behalf of Plaintiff.

Gregory G. Brooker, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner") denied Plaintiff Terry L. Telin's ("Telin") application for disability insurance benefits. The matter is now before the undersigned United States District Judge for consideration of Telin's Objections [Docket No. 17] to Chief Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") [Docket No. 16], which recommends denying Telin's Motion for Summary Judgment [Docket No. 10] and granting Defendant's Motion for Summary Judgment [Docket No. 13]. For the reasons stated below, Telin's Objections are overruled and the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference.

## II. DISCUSSION

### A. Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

The Commissioner's decision to deny social security benefits must be affirmed if it conforms to the law and is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Qualls v. Apfel, 158 F.3d 425, 427 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's determination." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). The reviewing court must consider both evidence that supports the Commissioner's decision and evidence that detracts from it, and the reviewing court must uphold the Commissioner's decision if it is supported by substantial evidence, even when substantial evidence exists in the record that would have supported a contrary decision or when the reviewing court would have reached a different conclusion. Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001).

### B. Telin's Objections

Telin raises three arguments in his Objections to Judge Boylan's R&R. He identifies as error the conclusions that (1) the Administrative Law Judge ("ALJ") properly evaluated the opinions of Dr. Sletten and Dr. Elbers, Telin's treating physicians; (2) the ALJ's failure to consider Telin's obesity was harmless error; and (3) the ALJ properly considered Telin's subjective complaints.

### 1. Treating Physicians' Opinions

Telin objects to Judge Boylan's conclusion that the ALJ properly evaluated the opinions of Telin's treating physicians. A treating physician's medical opinion is generally given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); see also Tindell v. Barnhart, 444 F.3d 1002, 1005 (8th Cir. 2006). However, a treating source's opinion may be discounted or disregarded "where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010) (quoting Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005)). Similarly, "opinions of specialists on issues within their areas of expertise are 'generally' entitled to more weight than the opinions of non-specialists," but are given less deference if they are internally inconsistent. Guilliams, 393 F.3d at 803. A treating source's opinion that an applicant is disabled or unable to work "involves an issue reserved for the Commissioner and therefore is not the type of 'medical opinion' to which the Commissioner gives controlling weight." Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005).

#### a. Dr. Sletten

Telin argues the ALJ erred by declining to give controlling weight to Dr. Sletten's opinions. Specifically, Telin contends the ALJ did not address the treating relationship between Dr. Sletten and Mr. Telin, and did not discuss Dr. Sletten's specialization as a psychiatrist. The ALJ thoroughly considered the record as a whole, and properly placed little weight on Dr. Sletten's opinion that Telin was incapable of working, because the opinion was inconsistent with

objective medical evidence and Dr. Sletten's own treatment notes. Transcript of Record [Docket No. 9] ("Tr.") at 27. For example, in December 2007, only months after the alleged onset of the disability in May 2007, Dr. Sletten opined Telin would be incapable of sustaining full-time employment based on limitations Telin had experienced for "years," id. at 269, even though Telin's limitations had not precluded him from working in the past. Dr. Sletten also reported in December 2007, and again in January 2010, that Telin had experienced "four or more" episodes of extended decompensation, yet Telin had never been psychiatrically hospitalized. Id. at 268, 459. In January 2009, Dr. Sletten gave Telin a Global Assessment of Functioning ("GAF") score of 55, indicating only moderate symptoms or impairments, but nevertheless stated Telin would be unable to work because of his significant psychological problems. Id. at 447-48. In June 2009, Dr. Sletten found Telin was "totally incapacitated from any type of work in any type of environment." Id. at 440. A mere three months later, however, Dr. Sletten noted Telin was working with a partner collecting scrap materials. Id. at 430. Based on the inconsistencies in Dr. Sletten's opinions, the ALJ did not err in giving them little weight.

Telin also argues that Judge Boylan erred by substituting his view of the evidence for the that of the ALJ in affirming the ALJ's decision. In HealthEast Bethesda Lutheran Hosp. & Rehab. Ctr. v. Shalala, the Eighth Circuit explained that the rule prohibiting a court from affirming an agency's decision on the basis of reasons not articulated by the agency itself in its decision applies when the agency "fails to make a necessary determination of fact or policy." 164 F.3d 415, 418 (8th Cir. 1998). The instant case does not involve a failure on the part of the ALJ to make a necessary finding of fact or policy. To the contrary, the ALJ conducted an exhaustive review of the medical records and expressly found that Dr. Sletten's opinion was entitled to "little probative weight." Tr. at 27. As Judge Boylan correctly noted, judicial review

4

of the ALJ's decision requires consideration of the record as a whole. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (holding that a court's role in reviewing the Commissioner's decision on an application for social security income is to determine whether the findings are "supported by substantial evidence on the record as a whole"). To the extent Judge Boylan, upon thoroughly considering the record as a whole, articulated additional reasons to support the ALJ's conclusion, the additional reasons do not result in a substitution of his view for the ALJ's view of the evidence.

### b. Dr. Elbers

Telin also argues the ALJ erred by failing to consider the opinion of Dr. Elbers, as required by Social Security Ruling ("SSR") 96-5p.[1] Telin insists the ALJ ignored Dr. Elbers' opinion in May 2007 that Telin was "unable to work x 2 [sic] more weeks," Tr. at 248, as well as Dr. Elbers' statements on September 11, 2007 that Telin was "seeing [a] counselor and will be out of work due to bipolar diagnosis and this relieves a lot of his stress," and that "Dr. Ivan Sletten managing//no work ability for next 3 months and likely long term." Id. at 237. However, as Judge Boylan correctly noted, Dr. Elbers' statements do not constitute an opinion of whether Telin's mental impairments made him unable to work for a continuous period of twelve months or longer.[2] R&R at 26. Thus, there was no opinion for the ALJ to discuss.

Additionally, even if Dr. Elbers' notations could be construed as an opinion that Telin's

---

[1] SSR 96-5p provides, in pertinent part, that "opinions from any medical source . . . must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner."

[2] Disability is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505.

mental impairments rendered him disabled, the ALJ's failure to mention this opinion was not erroneous. The ALJ expressly stated he had "considered opinion evidence in accordance with the requirements of" SSR 96-5p. Tr. at 23. The ALJ also referenced notes by Dr. Elbers describing Telin's mood and behavior in 2007. See id. at 24. Although an ALJ must "develop the record fully and fairly," the ALJ "is not required to discuss every piece of evidence submitted." Wildman, 596 F.3d at 966 (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)). An ALJ's failure to specifically cite the opinions of certain treating sources does not mean that those opinions were not considered. Black, 143 F.3d at 386. Given the ALJ's specific references to Dr. Elbers' notes, it is "highly unlikely that the ALJ did not consider and reject" an opinion by Dr. Elbers that Telin was disabled. Wildman, 596 F.3d at 966.

## 2. Obesity

Telin next objects to Judge Boylan's conclusion that the ALJ's failure to discuss obesity in his decision was harmless error. Where neither the medical record nor a plaintiff's testimony demonstrate that a plaintiff's obesity results in work-related limitations, it is not reversible error for an ALJ to omit a specific discussion of obesity. McNamara v. Astrue, 590 F.3d 607, 611-12 (8th Cir. 2010). Telin argues the error is not harmless, because he testified during his hearing that his "condition" impacts his weight. Tr. at 38. However, Telin did not testify that his obesity results in work-related limitations. See id. Rather, Telin testified only that his weight had decreased from 317 pounds at the time he applied for disability benefits to 249 pounds on the date of the hearing, and that his weight loss was due to his "condition." Id. Further, Telin reported in March 2008 that he did not have a physically disabling condition that prevented him from working. Id. 347. Therefore, the Court agrees with Judge Boylan that the ALJ's failure to specifically discuss obesity was harmless error.

6

### 3. Credibility of Subjective Complaints

Telin also objects to Judge Boylan's conclusion that substantial evidence supports the ALJ's determination that Telin's subjective complaints of his symptoms were not credible. The credibility of a claimant's subjective complaints "is primarily for the ALJ to decide, not the courts." Moore v. Astrue, 572 F.3d 520, 524 (8th Cir. 2009). In assessing a claimant's credibility, the ALJ must consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the symptom; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the claimant's work history; and (7) the absence of objective medical evidence to support the claimant's complaints. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), vacated on other grounds, Bowen v. Polaski, 476 U.S. 1167 (1986); Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008). An ALJ who rejects subjective complaints "must make an express credibility determination explaining the reasons for discrediting the complaints," but need not explicitly discuss each factor. Moore, 572 F.3d at 524.

Telin argues the ALJ dismissed his subjective complaints without properly considering: (1) the frequency of his symptoms; (2) the precipitating and aggravating factors, and (3) the side effects of his medication. This argument lacks merit. First, the ALJ did consider the duration, frequency, and intensity of Telin's symptoms, and determined the "allegedly disabling impairments were present at approximately the same level of severity prior to the alleged onset date." Tr. at 23. The ALJ thus concluded that the "fact that the impairments did not prevent [Telin] from working at that time strongly suggests that [they] would not currently prevent work." Id. Second, Telin does not specify any precipitating and aggravating factors the ALJ may have failed to consider. The ALJ did consider Telin's testimony that he stopped working

7

because he "couldn't be around people anymore," and that he felt embarrassed because he would "break down and cry for no . . . reason." Id. The ALJ determined, however, that Telin's medications had been generally successful in controlling those symptoms. Id. at 24-25. Third, the ALJ considered whether Telin suffered significant side effects from his medication and concluded he did not. This finding is substantially supported by the evidence in the record. See, e.g., id. at 427 (January 2010 Psychiatric Progress Note stating Telin "says the medicine is working for him); 428 (December 2010 Psychiatric Progress Note stating Telin "doesn't show any signs of toxicity from any of his medications").

The ALJ also provided express reasons for rejecting Telin's subjective complaints. The ALJ stated Telin's daily activities were not "limited to the extent one would expect, given the complaints of disabling symptoms and limitations." Id. at 25. For example, since the onset of Telin's alleged disability, Telin was "able to attend his personal care needs, do housework, do laundry, do yard work, mow the lawn, make household repairs, repair vehicles, help his neighbors, drive a car, run a business with a friend, take a 'mini-vacation,' attend the Minnesota State Fair, and watch television." Id. Accordingly, the ALJ properly evaluated Telin's subjective complaints, and the ALJ's credibility determination was supported by valid reasons and substantial evidence. See Gregg v. Barnhart, 354 F.3d 710, 713-14 (8th Cir 2003) (discussing standard for deferring to an ALJ's credibility determination).

Finally, Telin argues Judge Boylan substituted his view of the evidence for that of the ALJ in determining that the ALJ had properly evaluated Telin's subjective complaints. However, the ALJ expressly found Telin's subjective complaints were not credible, and as explained earlier, any additional reasons Judge Boylan may have articulated in affirming the ALJ's findings do not equate to a substitution of the ALJ's view of the evidence.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Telin's Objections [Docket No. 17] are **OVERRULED**,

2. The R&R [Docket No. 16] is **ADOPTED,**

3. Telin's Motion for Summary Judgment [Docket No. 10] is **DENIED**, and

4. Defendant's Motion for Summary Judgment [Docket No. 13] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 12, 2012.